UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS KENNY HERRERA-
HURTADO DE MENDOZA,

      Petitioner,

    v.                       Case No.:  2:26-cv-01292-SPC-NPM

WARDEN OF GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are Luis Kenny Herrera-Hurtado de Mendoza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Herrera-Hurtado de Mendoza's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Herrera-Hurtado de Mendoza is a native and citizen of Cuba who entered the United States on January 18, 2025.  Border Patrol arrested him and issued a notice to appear.  He was later enrolled in an alternative-to-detention program and issued a new notice to appear.  He has no criminal history.  On November 19, 2025, Immigration and Customs Enforcement arrested Herrera-Hurtado de Mendoza and detained him at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Herrera-Hurtado de Mendoza. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Herrera-Hurtado de Mendoza asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Herrera-Hurtado de Mendoza's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Herrera-

Hurtado de Mendoza has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Herrera-Hurtado de Mendoza before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Herrera-Hurtado de Mendoza's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Herrera-Hurtado de Mendoza to mandatory detention under §

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

1225(b)(2) is unlawful. If the respondents are unable to ensure Herrera-Hurtado de Mendoza receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby **ORDERED**:

Luis Kenny Herrera-Hurtado de Mendoza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Herrera-Hurtado de Mendoza for an individualized bond hearing before an immigration judge or (2) release Herrera-Hurtado de Mendoza under reasonable conditions of supervision. If the respondents release Herrera-Hurtado de Mendoza, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record

4